UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JERRY DON JOHNSON,

        Plaintiff,                  Case No. 2:20-cv-202

v.                                         Honorable Paul L. Maloney

P. SUPNICK et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi

Washington, LMF Warden Sarah Schroeder, and LMF Library Manager P. Supnick.  Each Defendant is sued in his or her official and personal capacity.

During March, April, and May of 2020, Plaintiff was housed in segregation at LMF because he was found guilty of a misconduct.  Prisoners in segregation are not permitted direct access to the law library; however, they are permitted to request materials from the library.  MDOC Policy Directive 05.03.115, ¶¶ P-R (eff. 4/1/2020).  During the period of time Plaintiff was housed in segregation, the MDOC changed its policy regarding the scope of the materials segregation prisoners were permitted to access.  *Id*., Attachment A.  Under the new policy, because case law and statutes were now provided by way of an electronic law library, those materials were no longer available to segregation prisoners on request.  *Id*., ¶ B.  Instead, segregation prisoners were now afforded access to the legal writer program.  *Id*. ¶ P

Plaintiff submitted law library requests while he was in segregation.  His requests included Michigan cases.  The law library refused those requests because they were not on the policy directive attachment that specified the items available from the law library.  (ECF 1-1, PageID.16; ECF No. 1-4, PageID.24.)

Plaintiff does not want to use the legal writer program and contends he should not be forced to use it.  He claims he is being denied access to the courts.  Specifically, Plaintiff claims he needed the case law that he had requested "to do research on [the] state supreme court appeal of his 6.500 motion that was denied in Jackson County Court Case No. 11-4509-FH."  (Compl., ECF No. 1, PageID.9.)

Plaintiff grieved the law library's refusal to supply the materials.  Defendant Supnick denied Plaintiff's grievance at Step I.  Defendant Schroeder denied the grievance at Step II.  Plaintiff claims that under the doctrine of respondeat superior Defendants Schroeder and

Washington are liable for the conduct of Defendant Supnick. (*Id.*, PageID.12.) Plaintiff claims Defendant Washington is also liable because she is "in charge of all Policy Directives being changed or altered . . . ." (*Id.*, PageID.10.)

Plaintiff suggests that Defendants' conduct rises to the level of "personal abuse" and "deliberate indifference." (*Id.*, PageID.12.) He also suggests that Defendants refused him access to the law library materials as "reprisal for using the grievance process." (*Id.*, PageID.11.) Finally, Plaintiff claims that Defendants' actions denied him access to the courts. Plaintiff seeks a declaration that Defendants violated Plaintiff's constitutional rights, an injunction compelling Defendants to permit Plaintiff to access case law without using a legal writer, and compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

3

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's claims implicate his right to petition the government for redress of grievances protected by the First Amendment, his right to access the courts protected by the First Amendment, and his right to be free from cruel and unusual punishment protected by the Eighth Amendment.

### III. Claims brought on behalf of other prisoners

Plaintiff's factual allegations center on the Defendants denying Plaintiff access to legal materials; however, he also mentions that two other prisoners have been denied legal materials: Montrice Dakota Martin and Cedric Pipes. In fact, Plaintiff lists the two prisoners as plaintiffs. Martin and Pipes, however, did not sign the complaint.

Plaintiff alleges that Martin was denied the case law he needed to work on his habeas corpus petition—that Martin also submitted a request form while in segregation and the library denied his request. (Compl., ECF No. 1, PageID.11.) Similarly, Plaintiff alleges that Pipes was denied the case law that he needed to work on his Michigan Court Rule 6.500 Motion for Relief from Judgment—that Pipes also submitted a request form while in segregation and the

4

library denied his request. (*Id.*) Plaintiff attaches the request forms and affidavits from Martin and Pipes. (ECF Nos. 1-5 through 1-8.) The affidavits indicate that Martin and Pipes requested case law from the law library to "work on [their] federal court litigation that is currently pending." (Affidavit of Martin, ECF No. 1-6, PageID.26; Affidavit of Pipes, ECF No. 1-8, PageID.28.)

A party in federal court must proceed either through a licensed attorney or on his own behalf. 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). Plaintiff Johnson is not an attorney. Plaintiff Johnson, therefore, cannot present claims in this Court on Martin's or Pipes' behalf. Moreover, Plaintiff Johnson lacks standing to present the claims of Martin or Pipes on Plaintiff's own behalf. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Any claims Plaintiff Johnson purports to bring on behalf of Martin or Pipes are properly dismissed.

**IV.     Respondeat superior**

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300

5

(6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff alleges that Defendants Washington and Schroeder are liable for the conduct of Defendant Supnick under the doctrine of respondeat superior. Those claims are properly dismissed. With regard to Defendant Washington, Plaintiff alleges other active conduct—changing the law library policy for prisoners in segregation—that might support liability. That claim is discussed below. Plaintiff does not allege active unconstitutional behavior on the part of Defendant Schroeder. Plaintiff alleges only that Defendant Schroeder did not correct the problem when she denied Plaintiff's Step II grievance appeal. Because denial of a grievance is not sufficient to impose liability under § 1983, Plaintiff's claims against Defendant Schroeder are properly dismissed.

Additionally, although Plaintiff does not expressly allege that Defendant Supnick is liable under the doctrine of respondeat superior, he fails to allege any active unconstitutional behavior by Supnick. Plaintiff does not allege that Supnick played a role in creating the policy directive or denying Plaintiff's law library requests. Plaintiff refers to libararian Schierschmidt, not Supnick in his complaint (Compl., ECF No. 1, PageID.9), and the law library request forms do not indicate that Supnick played any role in the denial of the materials that Plaintiff requested (Request Forms, ECF Nos. 1-1, 1-4). Thus, it appears that Plaintiff seeks to impose liability on Supnick for Supnick's role as the Library Manager and, presumably, supervisor of the library personnel that actually denied Plaintiff's requests or for Supnick's role in denying Plaintiff's grievance at Step I. Neither role rises to the level of active unconstitutional behavior that would support a claim under § 1983. Accordingly, Plaintiff's claims against Defendant Supnick are properly dismissed as well.

## V. Deliberate indifference

Plaintiff alleges that Defendants subjected him to "personal abuse" and "deliberate indifference." (Compl., ECF No. 1, PageID.12.) Those terms implicate the protections of the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff fails to allege facts that support an inference that Defendants were deliberately indifferent to Plaintiff's health or safety by virtue of a policy change that stops the

7

provision of case law to prisoners in segregation but instead requires them to use the legal writer program. Plaintiff, therefore, has failed to state a claim for violation of his Eighth Amendment rights.

## VI. Retaliation

Plaintiff alleges that Defendants penalized him for using the administrative grievance remedy or at least giving "the appearance of reprisal for using the grievance process." (Compl., ECF No. 1, PageID.11.) Plaintiff's allegations implicate the protections of the First Amendment which prohibit retaliation for engaging in conduct protected by that amendment.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations touch upon only the first prong of the *Thaddeus-X* analysis. Plaintiff filed an administrative grievance. The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

Plaintiff does not allege any adverse action. The only "action" alleged by Plaintiff is the denial of his requests for case law. The first two of those denials preceded Plaintiff's filing

8

of the grievance. Plaintiff filed a third request after he filed his grievance. To the extent the denial of that request might rise to the level of adverse action, Plaintiff has failed to allege facts that support an inference that Plaintiff's grievance was a substantial or motivating factor. Indeed, Plaintiff's own allegations make clear that his requests (and the requests of Martin and Pipes) were denied because of the new policy, not some retaliatory animus. Accordingly, Plaintiff has failed to state a claim for First Amendment retaliation.

## VII.     Access to the courts

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413,

9

416 (6th Cir. 1996).  The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  *Id.* at 416.

Plaintiff claims that he needed the case law he requested "to do the research on [the] state supreme court appeal of his 6.500 motion that was denied in Jackson County Court Case No. 11-4509-FH."  (Compl., ECF No. 1, PageID.9.)  In evaluating a complaint under the *Iqbal* standard, the Court may consider the complaint in its entirety, documents referenced in the complaint and pleadings, matters of public record, and matter of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 323 (2007); *see also New*

10

*England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.") (internal quotation marks and citations omitted). Michigan appellate court docket entries are publicly available. Although the dockets disclose Petitioner's direct appeal of his 2011 conviction and a subsequent motion for relief from judgment, the Michigan Supreme Court denied leave to appeal with regard to denial of that motion in 2016. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=johnson+jerry+d&CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0 (visited Oct. 21, 2020). There is no record of a subsequent motion for relief from judgment in the Michigan Court of Appeals or the Michigan Supreme Court. Because Petitioner's factual allegation is contradicted by the public record, the Court does not accept Plaintiff's verified allegation as true.[1] Moreover, because Plaintiff has failed to allege the underlying cause of action, he has failed to state a claim for denial of access to the courts.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes

---

[1] The affidavits of Martin and Pipes are likewise contradicted by the records of this Court, the United States District Court for the Eastern District of Michigan, or the Sixth Circuit Court of Appeals. Neither Martin nor Pipes has a case "currently pending" in those federal courts, even though each swears that he does.

that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   October 23, 2020                              /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge